IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

```
          F I L E D
          SEP 2 0 2023
   CLERK, U.S. DISTRICT COURT
          RICHMOND, VA
```

JAMES ANDREW METCALF,
Virginia Department of Corrections
Haynesville Correctional Center
Inmate Number 1411894
429 Barnfield Road
Haynesville, Virginia 22472
                Plaintiff, pro se,

v.                                    Civil Action No. 3:23cv598

THE GEO GROUP, INC.,
Brent A. Jackson, Registered Agent
10 East Franklin Street
Suite 302
Richmond, Virginia 23219;

ESKER TATUM, Facility Administrator/Warden
SHARON KING, Health Services Administrator
ANDREA KING, Grievance Coordinator
1607 Planters Road
Lawrenceville Correctional Center
Lawrenceville, Virginia 22868;

DEBORAH LEWIS, Regional Ombudsman
14545 Old Belfield Road
Capron, Virginia 23829;

STEPHEN HERRICK, Director of Health Services
Virginia Department of Corrections
6900 Atmore Drive
Richmond, Virginia 23225;

Individually and in their official capacities,
                Defendants.

## COMPLAINT

Plaintiff, James Andrew Metcalf, (hereinafter "Plaintiff" or

"Metcalf") a pro se inmate, individually and on his own behalf brings

this Civil Rights Action, pursuant 42 U.S.C. § 1983, against the

Defendants; The Geo Group, INC.; Esker Tatum, Facility Administrator;

Sharon King, Health Services Administrator; Andrea Green, Grievance

Coordinator; Deborah Lewis, Regional Ombudsman; and Stephen Herrick,

the Director of Health Services for the Department of Corrections;

- 1 -

(Hereinafter "Defendants"). The Plaintiff is eighteen years of age or older and is competent to testify on the information herein and this information is based on the Plaintiff's personal knowledge.

### PARTIES

1.   Plaintiff, James Andrew Metcalf, is and was at all times mentioned herein a prisoner of the Commonwealth of Virginia. At all times mentioned herein the Plaintiff was housed at Lawrenceville Correctional Center (hereinafter "LVCC").

2.   Defendant, The GEO Group, Inc. (herein after "GEO") is and was at all times mentioned herein the private prison coorporation that holds a contract with the Virginia Department of Corrections (hereinafter "VADOC") for the operations and management of that prison, located in Lawrenceville, Virginia.

3.   Defendant Esker Tatum (hereinafter "Tatum") is and was at all times mentioned herein the Facility Administrator (also known as the Warden) at LVCC, under employment and direction of GEO, and he is legally responsible for the management and operations as well as the welfare of all the inmates at the prison.

4.   Defendant Sharon King (hereinafter "King") is and was at all times mentioned herein the Health Services Administrator at LVCC, under employment and direction of GEO, and she is legally responsible for the management and operatoins of the medical department at LVCC and ensures that inmates there have continued access to medical and dental services.

- 2 -

5.   Defendant Andrea Green (hereinafter "Green") is and was at all times mentioned herein the Grievance Coordinator at LVCC under employment and direction of GEO, and she is legally responsible for ensuring that inmates at LVCC have adequate access to a meaningful grievance process in accordance with VADOC Operating Procedures and that VADOC Operating Procedures are followed and adhered to by the staff and employees at LVCC.

6.   Defendant Deborah Lewis (hereinafter "Lewis") is and was at all times mentioned herein the Regional Ombudsman for VADOC and is legally responsible for ensuring that inmates of VADOC within her region have adequate access to a meaningful grievance process in accoradance with VADOC Operating Procedures and that VADOC Operating Procedures are followed and adhered to by VADOC institutions, thereby protecting the rights of inmates.

7.   Defendant Stephen Herrick (hereinafter "Herrick") is and was at all times mentioned herein the Director of Health Services for the VADOC and he is legally responsible for the oversight and management of the health services provided to inmates in the Eastern Disrtict of VADOC. Herrick is also responsible for answering inmate grievance appeals concerning health realted grievances ensuring that policies and procedures established by the VADOC are being followed by medical departments at all VADOC institutions, including LVCC.

8.   Each Defendant is being sued individually and in his or her official capacity and at all times mentioned in this complaint each defendant acted under the color of State Law.

- 3 -

## JURISDICTION

9.      This is a civil action authorized by 42 U.S.C. § 1983 to redress the deprivation, under the color of State Law, or rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).

10.     Plaintiff seeks monetary damages and declaratory relief pursuant 28 U.S.C. §§ 2201 and 2202.

11.     The Eastern District of Virginia, Richmond Division, is the appropriate venue under 28 U.S.C. § 1391(b)(2) because it is where the events giving rise to this complaint occured.


## STATEMENT OF FACTS

12.     On August 27, 2021 the Plaintiff received Laboratory/ Diagnostic Test(s) Results that indicated that he had high cholesterol and was scheduled to be seen by the facility physician. (See Appendix A - page 1).

13.     As of May 24, 2022 the Plaintiff had not been seen by the physician to discuss the lab results or consulted on the high cholesterol as indicated.

14.     In March 2022 the Plaintiff's prescription for his pain medication and allergy medication had expired and required an examination by the physician to renew.

15.     On April 12, 2022 the Plaintiff submitted a third request for medical services to be seen by the physician to renew his medications. (See Appendix B - page 1).

16.     On April 15, 2022 after not being seen in the time frame establishjed by VADOC Operating Procedure 720.1 § IV.B.3.the Plaitiff submitted a written complaint stating that he had not been seen by

- 4 -

the facility physician within the appropriate time frame. (See Appendix B - page 2).

17.   On April 28, 2022 (thirteen days later) Defendant King responded that the Plaintiff was scheduled to be seen by the physician as requested. (See Appendix B - page 2).

18.   On May 10, 2022 the Plaintiff submitted a request for dental services complaining that he was having pain in his mouth where he had previously had two teeth extracted in January 2021. (See Appendix C - page 1).

19.   On May 11, 2022 (Thirteen days after King's response) the Plaintiff had still not been seen by any health care professional to renew his medication, the Plaintiff submitted a Grievance stating that he had not been seen in the appropriate time frame per VADOC Operating Procedure 720.1. (See Appendix B - page 3).

20.   On May 11, 2022 the Plaintiff began to have unrelenting pain in his mouth and the pain had spread to his ear and throat, so he submitted an  emergency grievance seeking medical care. (See Appendix C - page 2).

21.   On May 11, 2022 the Dentist responded at 1600 that the Plaintiff would be scheduled to see the dentist. (See Appendix C - page 2).

22.   On May 12, 2022 the following day, after not being called to medical the Plaintiff went on his own to medical to inquire about being seen per the Dentist's response on the emergency grievance. The Dentist then examined the Plaintiff and noted ulcer like sores in his mouth and prescribed benadryl to ameliorate the inflamation . However, the Plaintiff was not seen by any medical professional to assess his sore throat or ear ache.

- 5 -

23.   On May 12, 2022 the Plaintiff submitted a written complaint stating that he was not seen nor did he receive a response to his emergency grievance within the time frame per VADOC Operating Procedure 866.1 § VII.D.2.a, page 14 of 16.

24.   On May 13, 2022 Defendant Green denied intake for the grievance concerning the Plaintiff's medication renewal and noted "Request for Services" and retuned the grievance back to the Plaintiff. (See Appendix B - page 3, back page).

25.   On May 16, 2022 Defendant King responded to the Plaintiff's written complaint that the emergency grievance "Process will be reviewed/modified accordingly." (See Appendix C - page 3).

26. On May 17, 2022 the Plaintiff spoke with Defendant Green in the housing unit and questioned her about the rejected grievance and explained to her that he had already submitted three (3) requests for medical service and presented her with the requests, the informal complaint and grievance.

27. Defendant Green then appologized and directed the Plaintiff to resubmit the grievance for logging and that she would ensure an investigation into the matter.

28.   The Plaintiff then re-submitted the regular grievance as directed. (See Appendix B - page 4).

29.   On May 18, 2022 Defendant Green logged the regular grievance. (See Appendix - B - page 4 and 5).

30.   On May 19, 2022 the Plaintiff submitted a second emergency grievance, after still not being seen for his ear ache and sore throat, now two (2) weeks later after his initial complaint and emergency grievance. (See Appendix D - page 1).

- 6 -

31.    On May 19, 2022 after the eight hour time frame had expired for the emergency grievance response, the Plaintiff still had not been seen by any healthcare provider concerning his ear ache and sore throat, so he submitted a written complaint on the issue citing VADOC policy, Operating Procedure 866.1 § VII.D.2.a, page 14 of 16.

32.    On May 24, 2022 the Plaintiff submitted a regular grievance concerning, the nonreponse to his emergency grievance (#161942). (See Appendix C - page 4 / the first emergency nonresponse).

33.    On May 24, 2022 Defendant Green logged the written complaint (LVCC-22-INF-01002 - Second nonanswered emergency grievance) noting the next action date was 6/7/2022. (See Appendix D - page 2 and 3).

34.    On June 1, 2022 Defendant Green denied intake on the Plaintiff's regular grievance (First nonresponse on emergency grievance) noting that it was a "Request for Services." (See Appendix C - page 4, back page).

35.    On June 5, 2022 the Plaintiff appealed the grievance intake decision to Defendant Lewis, the Regional Ombudsman.

36.    On June 8, 2022 Defendant Lewis reviewed the appealed intake decision by Defendant Green concerning the first emergency grievance complaint by the Plaintiff. Defendant Lewis at this point gained personal knowledge of the violation, and upheld the intake denial by Defendant Green. Therefore exhausting the Plaintiff's administrative remedies. (See Appendix C - page 4, back page).

37.    On June 10, 2022 after not receiving a response to his written complaint within the appropriate time frame, the Plaintiff submitted a regular grievance concerning the second time his emergency grievance went unanswered and was not seen by any

healthcare provider. (See Appendix D - page 4).

38.   On June 17, 2022 after not receiving a response to his written complaint (LVCC-22-INF-01034, medication renewal) the Plaintiff filed a regular grievance and attached the receipt of the informal complaint per VADOC policy. (See Appendix A - page 4).

39.   On June 20, 2022 ten days after submission of the regular grievance, Defendant Green denied intake determining that the filing period had expired, although the grievance sat in the institutional mail for ten (10) days. (See Appendix D - page 4, back page).

40.   On June 22, 2022 the Plaintiff appealed the intake decision to Defendant Lewis for review. (See Appendix D - page 5).

41.   On June 24, 2022 the Plaintiff received a response to his written complaint (LVCC-22-01002, second emergency grievance) eighteen days after the due date, and Defendant King responded "We are looking into the emergency grievance process with security so that we can receive them timely as well as returning to the inmates " confirming that LVCC had violated VADOC Operating Procedures and the Plaintiff's rights. (See Appendix D - page 2).

42.   Defendant King also states "However, you are scheduled to see the provider." As of June 24, when Metcalf received the response twenty-four (24) days later, he still had not been seen by the provider. (See Appendix D - page 2).

43.   On June 25, 2022 the Plaintiff mailed his appeal to Defendant Lewis.

44.   On June 27, 2022 after review of the appeal by the Plaintiff Defendant Lewis over turned the intake decision and directed Defendant Green to log the grievance concerning the second

- 8 -

emergency grievance that went unanswered. (See Appendix D - page 6).

45.    On July 15, 2022 Defendant Green logged the regular grievance (LVCC-22-00017) by direction of the Regional Ombudsman, Defendant Lewis. (See Appendix D - page 7).

46.    On July 25, 2022 Defendant Tatum signed his response to regular grievance (LVCC-22-00012) finding that the violations were UNFOUNDED. Therefore acknowledging that Defendant Tatum gained personal knowledge of the offenses and left them intact without taking any corrective action. (See Appendix B - page 7 and 8).

47.    On July 26, 2022 the Plaintiff appealed the grievance decision of the Level I (Defendant Tatum) to the Level II for review (Defendant Herrick). (See Appendix B - page 8).

48.    On August 10, 2022 the Level II (Defendant Herrick - Health Services Director) reviewed the appealed grievance concerning the Plaintiff's complaint about not receiving his medication and determined that the grievance was UNFOUNDED. Therefore acknowleging that Defendant Herrick gained personal knowledge of the offenses and left them intact without taking any corrective action. (See Appendix B - page 9).

48.    Defendant Herrick's response to the regular grievance and appeal denial resulted in the Plaintiff's exhaustion of administrative remedies. (See Appendix B - page 9).

49.    In the response to the grievance by the Level II it states that Metcalf was a "No Show" for four seperate appointments. However, the Plaintiff was never called to medical nor did he sign a refusal form for those missed appointments.

50.   On August 22, 2022 after not receiving a response to grievance (LVCC-22-REG-00017) the Plaintiff submitted an Offender request form to Defendant Green informing her that he did not receive a response that was due on August 14, 2022. (See Appendix D - page 8).

51.   On October 18, 2022 Defendant Tatum finally reviewed the regular grievance and determined that the complaint was "FOUNDED", siding in favor of the Plaintiff's complaint. (See Appendix D - page 9), over four months later.

52.   On October 21, 2022 after the FOUNDED grievance receipt and no corrective action taken by the facility administrator, the Plaintiff appealed the grievance to the Level II (Defendant Herrick) for review. (See Appendix D - page 10).

53.   On November 3, 2022 The regional administrator, Leslie J. Fleming, reviewed the appealed grievance and also determined that the complaints were "FOUNDED", siding with the Plaintiff. However, there was never any corrective action taken and the Plaintiff was never seen for the initial complaint of an ear ache or sore throat, some six (6) months later.


## FACTUAL ALLEGATIONS

A. Failure to provide adequate medical care for the Plaintiff's high cholesterol.

54.   The Plaintiff's "Laboratory/Diagnostic Test(s) Results" from August 27, 2021 revealed that the Plaintiff has high cholesterol and the physician at LVCC, I. Esochaghi, noted that the Plaintiff would be scheduled for "CCC" (Chronic Care Consultation) for his

- 10 -

high cholesterol. However, the Plaintiff was not seen until
June 30, 2022 ten (10) months after his diagnosis. (See Appendix
A - page 1).

55.  This diagnosis deems his condition as a serious medical
need for treatment and evaluation because he was diagnosed by a
physician with an ailment that required treatment and the failure
to provide that treatment poses a substaintial risk of harm to
the Plaintiff's future health.

56. Refusal to see the Plaintiff after ten (10) months demonstrates
that the Defendants deprived him of a basic human need for treatment
which is sufficiently serious and the defendants acted with a
sufficiently culpable state of mind.

57.  Through the Defendants' acknowledgments and responses to the
Plaintiff's grievances, they demonstrate that they knew of and
disregarded a substantial risk of serious harm to the Plaintiff
and their actions or inactions were inappropriate in light of
that risk, clearly demonstrating deliberate indifference to the
Plaintiff's serious medical need to be treated for high cholestrol.


B.   Failure to provide adequate medical care and medication for
the Plaintiff's chronic knee, femur, hip and shoulder injuries.

58.  The Plaintiff has sustained multiple injuries and has undergone
many surguries, which are well documented in his medical record
and was prescribed Indocin to reduce pain and ameliorate
inflammation within those injuries and has been precribed this
medication for several years.

59.  This diagnosis deems his condition as a serious medical need
for treatment and medication because he was diagnosed by a physician

with an ailment that required treatment and pain medication. The
failure to provide treatment and medication that the Plaintiff
had been prescribed for years, poses a substaintial risk to the
Plaintiff's health by leaving him in frequent and substaintial
pain on a daily basis.

60. The failure to see the Plaintiff for over three (3) months
to renew his prescriptions demonstrates that the Defendants
deprived him a basic human need for treatment and pain relief
which is sufficiently serious and the defendants acted with a
sufficiently culpable state of mind.

61. In the response of the grievance by the Level II, it states
that Defendant King stated that the Plaintiff was a "No-Show" for
four (4) seperate appointments. However, LVCC is a security level
III institution and offender movement is controlled. The Plaintiff
would first had to been listed on the Master Pass list for his
appointment and would have been required to sign this list confirming
his acknowledgement of an appointment, or he would have had to be
called and released from the housing unit or his place of employmment.
He never signed the master pass list nor was he called to medical.
Offenders must report to medical when called and they must sign
a refusal form if they desire not to be seen. Offenders cannot
simply NOT show up for any scheduled appointments, this would
deem an  institutional infraction and an institutional charge would
have been issued and served. None of which happened.

62. Through the Defendants' acknowledgement and responses to the
Plaintiff's grievances they demonstrate that they knew of and
disregarded a substaintial risk of serious harm to the Plaintiff
and their actions or inactions were inappropriate in light of that

- 12 -

risk, clearly demonstrating deliberate indifference to the Plaintiff's serious medical need for treatment and medications for his documented ailments.

**C. Failure to respond to the Plaintiff's emergency grievance for an unrelenting ear ache, failing to provide adequate medical care. (First offense).**

63.   The Plaintiff had been previously diagnosed with Bi-lateral Sensorineural Hearing Loss.

64.   This diagnosis deems his condition as a serious medical need for treatment.

65.   The failure to provide treatment to the Plaintiff concerning his ear ache pain poses a substaintial risk to the Plaintiff's health and hearing diability by leaving an infection intact without any evaluation or treatment potentially causing irreparable damage to his hearing.

66.   The refusal to see the Plaintiff within the appropriate time frame for emergency grievances left the Plaintiff in substantial pain for over two weeks. He was never seen for the ailment by LVCC's medical department and was left to suffer needlessly without relief.

67.   Through the Defendants' acknowledgement and responses to the Plaintiff's emergency grievance, written complaints  and regular grievances they demonstrate that they knew of and disregarded a substantial risk  of serious harm to the Plaintiff and their  actions or inactions were inappropriate in light of that risk, clearly demonstrating deliberate indifference to the Plaintiff's serious medical  needs.

D.    Failure to respond to the Plaintiff's emergency grievance for an unrelenting ear ache, failing to provide adequate medical care. (Second Offense).

68.   The Plaintiff has been diagnosed with Bi-lateral Sensorineural Hearing Loss.

69.   This diagnosis deems his condition a serious medical need for treatment.

70.   The failure to provide treatment to the Plaintiff concerning his ear ache pain poses a substantial risk to the Plaintiff's health and hearing disability by leaving an infection intact without any evaluation or treatment potentially causing irreparable damage to his hearing.

71.   The refusal to see the Plaintiff within the appropriate time frame for emergency grievances left the Plaintiff in substantial pain for over two weeks. He again was never seen for the ailment by LVCC's medical department and was left to suffer needlessly without relief.

72.   Through the Defendants' acknowledgement and responses to the Plaintiff's emergency grievance, written complaints and regular grievances, they demonstrate that they knew of and disregarded a substantial risk of serious harm to the Plaintiff and their actions or inactions were in appropriate in light of that risk, clearly demonstrating deliberate indifference to the Plaintiff's serious medical need.


CAUSE OF ACTION

COUNT I

(Violation of the Plaintiff's Eighth Amendments Rights)

(Failure to provide treatment for high cholesterol)

A.   Defendant GEO Group, INC.

73.  Defendant GEO violated the Plaintiff's Eighth Amendment right
that protects him from cruel and unusual punishment, legally
responsible under the theory of "Supervisory Liability."

74.  Due to staff shorages at LVCC during the events herein,
and the overt violations of VADOC policies, GEO's employees
violated the Plaintiff's rights when their actions or inactions
caused an excessive delay to the Plaintiff's treatment resulting
in unnecessary and sufficiently serious risk to his health.

75.  Defendant GEO is legally responsible to ensure that offenders
at LVCC have continued access to medical services under VADOC
operating procedures and their contract with the Commonwealth
of Virginia. GEO failed to do so.

76.  When the Plaintiff was scheduled to be seen by the physician
he should have been seen within a maximum of two (2) weeks per
VADOC policy.

77.  Metcalf was not seen in the appropriate time frame and went
untreated for high cholesterol for over ten (10) months which
could have lasting implications. This potentially subjected the
Plaintiff to suffer irreparable injury to his health and exposed
the Plaintiff to conditions that amount to more than routine
discomfort that a prisoner should experience while incarcerated.


B.   Defendant Tatum

78.  Defendant Tatum violated the Plaintiff's Eighth Amendment
rights that protect him from cruel and unusual punishment when as
the Facility Administrator, Tatum did not ensure the Plaintiff

- 15 -

received adequate medical care at LVCC.

79.    Defendant Tatum is legally responsible as the Facility
Administrator to ensure that offenders at LVCC have continued
access to medical services under VADOC Operating Procedures and
as required by the contract with the Commonwealth of Virginia,
which he failed to do so.

80.    When Metcalf was scheduled to be seen by the physician
he should have been seen within a maximum of two (2) weeks per
VADOC policy.

81.    The Plaintiff was not seen in the appropriate time frame
and went untreated for high cholesterol for over ten (10) months
which could have lasting implications. This potentially subjected
the Plaintiff to suffer irreparable injury to his health and
exposed the Plaintiff to conditions that amount to more than
routine discomfort that a prisoner should experience while
incarcerated.

82.    Defendant Tatum is legally responsible for the violations
of the Plaintiff's Eighth Amendment Rights by his staff at LVCC
under the Theory of "Supervisory Liability" as the Facility
Administrator/Warden of that prison. He is the highest authority
at LVCC and represents GEO Group, INC., as their agent in fulfilling
their obligated contract with the Commonwealth of Virginia to
manage and operate LVCC within the constraints of VADOC policies.


C.    Defendant King

83.    Defendant King violated the Plaintiff's Eighth Amendment
rights that protect him from cruel and unusual punishment when
King did not ensure the Plaintiff received adequate medical

care and treatment at LVCC medical in accordance with VADOC policies.

84.    Defenadant King is legally responsible as the Health Services Administrator, ensuring that offenders at LVCC have continued access to medical servies in accordance with VADOC Operating Procedures.

85.    When Metcalf was scheduled to be seen by the physician he should have been seen within two (2) weeks per VADOC policy.

86. The Plaintiff was not seen in the appropriate time frame and went untreated for high cholesterol for over ten (10) months, which could have lasting implications. This potentially subjected the Plaintiff to suffer irreparable injury to his health and exposed him to conditions that amount to more than routine discomfort that a prisoner should experience while incarcerated.

87.    As the Health Services Administrator, she is legally responsible under the theory of "Supervisory Liability."

D.    Defendant Green

88.    Defendant Green violated the Plaintiff's Eighth Amendment Rights that protect him from cruel and unusual punishment when she did not ensure that the Plaintiff received adequate medical care in accordance with VADOC Operating Procedures.

89.    Defendant Green is legally responsible as the Grievance Coordinator at LVCC, ensuring that VADOC policies and Operating Procedures are being followed, specifically that offender's rights are not infringed upon, protecting the offender and staff from unnecessary litigation. She failed to ensure that the Plaintiff had continued access to medical treatment per the VADOC Operating

- 17 -

Procedures and Defendant Green failed to do so.

90.    When Metcalf was scheduled to be seen by the physician he should have been seen within two (2) weeks per VADOC policy.

91.    The Plaintiff was not seen in the appropriate time frame and went untreated for high cholestrol for over ten (10) months which could have lasting implications. This potentially subjected the Plaintiff to suffer irreparable injury to his health and exposed him to conditions that amount to more than routine discomfort that a prisoner should experience while incarcerated.

92.    Defendant Green gained personal knowledge of Metcalf's medical complaints when she logged his written complaints and grievances and she either turned a blind eye to it, simply ignored them or her actions or inactions were so grossly inadequate causing excessive delay to the Plaintiff's treatment resulting in a seriously sufficient risk of harm to the Plaintiff's future health.

93.    Defendant Green displayed deliberate indifference of Metcalf's serious medical needs when she abused the grievance process to delay or hinder Metcalf from receiving any relief or treatment for his documented ailments when violations of VADOC policy were evident.

94.    Defendant Green displayed tacit authorization of VADOC policy violations when she denied Metcalf's grievance for logging through machination of the grievance procedures. This abuse of the required process under the Prison Litigation Reform Act (hereinafter "PLRA") prevented Metcalf from relief at the Administrative remedy level, demonstrating willful misconduct.

- 18 -

E.    Defendant Lewis

95.    Defendant Lewis violated the Plaintiff's Eighth Amendment
Rights that protect him from cruel and unusual punishment when
she did not ensure that the Plaintiff received adequate medical
care in accordance with VADOC Operating Procedures.

96.    Defendant Lewis is legally responsible as the Regional
Ombudsman for the Eastern Region of VADOC. She ensures that
VADOC Operating Procedures and policies are not violated through
appealed grievances that have been rejected by the local prisons
for logging and addressing any violations. Specifically she ensures
that offenders rights are protected and that administrative remedies
are availible at the lowest levels. She failed to ensure that the
Plaintiff's complaints and grievances were properly logged and
addressed in accordance with VADOC policies.

97.    When the Plaintiff appealed the rejected grievances to
Defendant Lewis for review, she failed to ensure that policy was
followed. Her responses to Metcalf's appeals demonstrates that
Defendant Lewis gained personal knowledge of the complaints that
the Plaintiff was not seen in accordance with policy and that the
institutional grievance coordinator (Green) had inappropriately
denied intake for his grievance, authorizing the violations.

98.    Defendant Lewis' denial to remedy the issue demonstrates that
she either turned a blind eye to it, simply ignored them, or her
actions or inactions were so grossly inadequate she contributed
to the excessive delay to the Plaintiff's treatment resulting in
a sufficiently serious risk of harm to the Plaintiff's future
health, acting with a sufficiently culpabale state of mind.

99.   Defendant Lewis displayed deliberate indifference to Metcalf's serious medical needs when she abused the grievance process to delay or hinder Metcalf from receiving any relief or treatment for his documented ailments when violations of VADOC policy were evident.

100.  Defendant Lewis displayed tacit authorization of VADOC policy violations when she denied Metcalf's appeal through machination of the grievance process and procedures. This abuse of the required process under the PLRA prevented Metcalf from any relief at the administrative level.

101.  Defendant Lewis is the Regional Ombudsman for the Eastern Region of VADOC and is legally responsible under the theory of "Supervisory Liability."

102.  Defendant Lewis' review of the intake decision is final, thereby exhausting Metcalf's administrative remedies in accordance with the PLRA.


## COUNT II

### (Violation of the Plaintiff's Eighth Amendment Rights)
### (Failure to Provide Plaintiff with Prescribed Pain  Medication)

A.    Defendant GEO

103.  Defendant GEO Violated the Plaintiff's Eighth Amendment Rights that protect him from cruel and unusual punishment, legally responsible under the theory of "Supervisory Liability."

104.  Due to staff shortages at LVCC and the overt violations of VADOC policies, GEO employees violated the Plaintiff's rights when their actions or inactions caused an excessive delay to

- 20 -

the Plaintiff's treatment for pain resulting in unnecessary
wanton infliction of pain.

105.  Defendant GEO is legally responsible to ensure that offenders
at LVCC have continued access to medical services under VADOC
Operating Procedures and the contract with the Commonwealth of
Virginia, and GEO failed to do so.

106.  When Metcalf requested services for medical he should have
been seen within a maximum of four (4) days by a medical care
professional to assess his complaint and then scheduled to be
seen by the physician within two (2) weeks per VADOC policy.

107.  Metcalf was not seen in the appropriate time frame and went
several months without his pain medication and allergy medication.
This exposed the Plaintiff to more than routine discomfort that
a prisoner should be subjected to while incarcerated.


**B.    Defendant Tatum**

108.  Defendant Tatum violated the Plaintiff's Eighth Amendment
Rights that protect him from cruel and unusual punishment when
Tatum did not ensure the Plaintiff received adequate medical care
at LVCC.

109.  Defendant Tatum is legally responsible as the Facility
Administrator of LVCC to ensure that the offenders at that prison
have continued access to medical services under VADOC Operating
Procedures and GEO's contract with the Commonwealth of Virginia,
which he failed to do so.

110.  When Metcalf requested services for medical he should have
been seen by a medical care professional within four (4) days
to assess his complaint and then scheduled to be seen by the physician

- 21 -

within two (2) weeks.

111.    The Plaintiff was not seen in the appropriate time frame
and went several months without his pain medication. This exposed
the  Plaintiff to conditions that amount to more than routine
discomfort · that a prisoner should be subjected to while incarcerated·

112.    Defendant Tatum gained personal knowledge about Metcalf's
medical complaints when he signed Metcalf's grievance response
as the Level I and Tatum either turned a blind eye to the complaint,
simply ignored them or his actions or inactions were so grossly
inadequate causing an excessive delay to the Plaintiff's treatment
resulting in unnecessary wanton infliction of pain.


C.    Defendant King

113.    Defendant King violated the Plaintiff's Eighth Amendment
Rights that protect him from cruel and unusual punishment when she
did not ensure that the Plaintiff received adequate medical care
at LVCC.

114.    Defendant King is legally responsible as the Health Services
Administrator at LVCC, ensuring that the offenders at that prison
have continued access to medical services under VADOC Operating
Procedures and under GEO's contract with the Commonwealth of
Virginia, which she failed to do so.

115.    When Metcalf requested services for medical he should
have been seen by a medical care professional within a maximum
of four (4) days to assess his complaint and then scheduled to
be seen by the physician within two (2) weeks.

116.    Metcalf was not seen in the appropriate time frame and went
several months without his pain medication. This exposed the

- 22 -

Plaintiff to conditions that amount to more than routine discomfort that a prisoner should be subjected to while incarcerated.

117.   Defendant King gained personal knowledge of Metcalf's medical complaints when she signed and responded to his written complaint and she either turned a blind eye to it, simply ignored it or her actions or inactions were so grossly inadequate causing excessive delay to the Plaintiff's treatment resulting in unnecessary wanton infliction of pain.

D.     Defendant Green

118.   Defendant Green violated the Plaintiff's Eighth Amendment Rights that protect him from cruel and unusual Punishment when she did not ensure that the Plaintiff received adequate medical care at LVCC.

119.   Defendant Green is legally responsible as the Grievance Coordinator at LVCC for ensuring that VADOC Operating Procedures are being followed, specifically that offenders at LVCC have continued access to medical services and that their rights are not infringed on by staff, protecting the inmates and staff from unnecessary litigation. She is obligated to esure that VADOC Operating Procedures are being followed per the contract between GEO and the Commonwealth of Virginia, which she failed to do so.

120.   When Metcalf request medical services to renew his medication and medical services,  he should have been seen by a medical care professional within a maximum of four (4) days and then scheduled to see the physician within two (2) weeks, per VADOC policy.

121.   Metcalf was not seen in the appropriate time frame and went several months without his pain medication. This exposed the

Plaintiff to conditions that amount to more than routine discomfort that a prisoner should be subjected to while incarcerated.

121.   Defendant Green gained personal knowledge of Metcalf's medical complaints when she logged his written complaints and grievances and she either turned a blind eye to it, simply ignored it or her actions or inactions were so grossly inadequate causing an excessive delay to the Plaintiff's treatment resulting in unnecessary wanton infliction of pain.

122.   Defendant Green displayed deliberate indifference to Metcalf's serious medical need when she abused the grievance process to delay or hinder him from receiveing any relief for his ailments or the violations of VADOC Policies.

123.   Defendant Green displayed tacit authorization of VADOC policy violations when she initially denied Metcalf's grievance for logging through machination of the grievance procedures. This abuse of the required process under the PLRA prevented and delayed Metcalf from relief at the administrative level.

124.   Defendant Green is legally responsible for the injury to the Plaintiff's Eighth Amendment Rights when she personally gained knowledge of Metcalf's serious medical need and failed to remedy the violation at her level as the Grievance Coordinator where she is in a position to ensure these violations are addressed at the lowest level possible. She failed to do so.

E.   Defendant Herrick

125.   Defendant Herrick violated the Plaintiff's Eighth Amendment Rights that protect him from cruel and unusual punishment when he, as the Health Services Director for VADOC, failed to ensure

- 24 -

that the Plaintiff received adequate medical care per VADOC
policies, which he enforces.

126.    Defendant Herrick is legally responsible under the theory
of "Supervisory Liability" as the Director of Health Serives for
VADOC ensuring that offenders throughout VADOC have continued access
to medical services at all institutions, including LVCC, throughout
the Commonwealth of Virginia.

127.    Per VADOC policy, which he authorizes and ensures compliance,
when Metcalf requested services for medical he should have been
seen by a health care professional within a maximum of four (4)
days to evaluate his complaint then scheduled to be seen by a
physician within two (2) weeks to address his medical complaint.

128.    Metcalf was not seen in the appropriate time frame and
went several months without his prescribed pain medication. This
exposed the Plaintiff to conditions that amount to more than
routine discomfort that a prisoner should be subjected to while
incarcerated.

129.    Defendant Herrick gained personal knowledge of Metcalf's
medical complaints at LVCC when he reviewed Metcalf's appealed
grievance and made a determination that the grievance was "UNFOUNDED"
and afixed his signature for the decision. He failed to address
the issues, either by turning a blind eye to it, simply ignored
it or his actions or inactions were so grossly inadequate that
it caused excessive delay to the Plaintiff's treatment resulting
in unnecessary wanton infliction of pain.

130.    As Director of Health Services for VADOC, Defendant Herrick
is legally responsible under the theory of "Supervisory Liability"
for the staff shortages and the overt violations of VADOC policies

- 25 -

by GEO and GEO's employees. They violated the Plaintiff's rights
when their actions caused an excessive delay to the Plaintiff's
treatment resulting in unnecessary wanton infliction of pain
and Defendant Herrick failed to correct or remedy these issues.

## COUNT III

### (Violation of the Plaintiff's Eighth Amendment Rights)
### (Failure to properly respond to emergency grievance)

A.      Defendant GEO Group, Inc.

131.    Defendant GEO violated the Plaintiff's Eighth Amendment
Rights that protect him from cruel and unusual punishment, legally
responsible under the theory of "Supervisory Liability."

132.    Due to staff shortages at LVCC and the overt violations
of VADOC policies, GEO's employees violated the Plaintiff's
rights when their actions or inactions caused an excessive delay
to the Plaintiff's treatment resulting in unnecessary wanton
infliction of pain  and the lack of staff creates a substantial
risk of serious harm to the Plaintiff.

133.    Defendant GEO is legally responsible to ensure that offenders
at LVCC have continued access to medical services under VADOC
Operating Procedures and their contract with the Commonwealth
of Virginia, and GEO failed to do so.

134.    When the Plaintiff had a serious medical need for treatment
and filled out his emergency grievance there was a lack in staff
to process his grievance or attempt to aid him to get medical
attention.

135.    When the Plaintiff submitted his emergency grievance he
should have been seen by a medical care professional to  evaluate

- 26 -

his medical complaint and determine the best course of action or at least given a response to his emergency grievance within eight (8) hours per VADOC policy, neither of which happend.

136.  The Plaintiff was not seen in the appropriate time frame nor given a response per VADOC policy and went two (2) weeks with unrelenting ear ache pain with no relief. This exposed the Plaintiff to conditions that amount to more than routine discomfort that a prisoner should be subjected to while incarcerated.

## B.  Defendant Tatum

137.  Defendant Tatum violated the Plaintiff's Eighth Amendment Rights from cruel and unusual punishment when he did not ensure the Plaintiff received adequate medical care at LVCC.

138.  Defendant Tatum is legally responsible as the Facility Administrator, ensuring that offenders at LVCC have continued access to medical services under VADOC Operating Procedures and the contract with the Commonwealth of Virginia, and he failed to do so.

139.  When Metcalf submitted his emergency grievance he should have been seen by a health care professional and/or given a response within eight (8) hours per VADOC Policy, neither of which happend.

140.  Metcalf was not seen in the appropriate time frame or given a reponse per VADOC policy and then went two (2) weeks with unrelenting ear ache pain with no relief. This exposed the Plaintiff to conditions that amount to more than routine discomfort that a prisoner should be subjected to while incarcerated.

141.   Defendant Tatum is legally responsible for the violations
of the Plaintiff's Eighth Amendment Rights by his staff at LVCC
under the theory of "Supervisory Liability" as the Facility
Administrator/Warden of that prison. He is the highest authority
at LVCC and represents GEO Group, INC., as their agent in fulfilling
their obligated contract with the Commonwealth of Virginia to
manage and operate LVCC within the constraints of VADOC policies.

C.     Defendant King

142. Defendant King violated the Plaintiff's Eighth Amendment
Rights that protect him from cruel and unusual punishment when
she did not ensure that the Plaintiff received adequate medical
care at LVCC.

143.   Defendant King is legally responsible as the Health Services
Administrator at LVCC ensuring that offenders at LVCC have continued
access to medical services under VADOC Operating Procedures and
GEO's contract with the Commonwealth of Virginia, and she failed
to do so.

144.   When the Plaintiff submitted his emergency grievance he
should have been seen by a health care professional and/or given
a response within eight (8) hours per VADOC policy, neither of
which happend.

145.   The Plaintiff was not seen in the appropriate time frame
or given a response per VADOC policy and he then went two (2)
weeks with an unrelenting ear ache, with no relief. This exposed
the Plaintiff to more than routine discomfort that a prisoner
should be subjected to while incarcerated.

146.   Defendant King gained personal knowledge of Metcalf's

- 28 -

complaint when she reviewed it, responding that the "process
will be reviewed/modified accordingly. If you are still having
medical issues please submit a sick call," confirming there
was actually policy violations and that the Plaintiff had not
been seen for his ear ache pain/infection. She then signed the
written complaint never addressing that he would be seen by medical
to assess his issues, five (5) days after his complaint was
received.

147.   Defendant King's actions or inactions demonstrate that she
either turned a blind eye to it, simply ignored it or her
response was so grossly inadequate that she caused an excessive
delay to the Plaintiff's treatment resulting in unnecessary
wanton infliction of pain.


D.     Defendant Green

148.   Defendant Green violated the Plaintiff's Eighth Amendment
Rights that protect him from cruel and unusual punishment when
she did not ensure the Plaintiff received adequate medical care
at LVCC.

149.   Defendant Green is legally responsible as the Grievance
Coordinator at LVCC ensuring that VADOC Operating Procedures
are  being followed, specifically that offenders at LVCC have
continued access to medical services per these Operating Procedures
and she failed to do so.

150.   When Metcalf submitted his emergency grievance he should
have been seen by a medical care professional for evaluation or
been given a response within eight (8) hours per VADOC policy,
neither of which happend.

- 29 -

151.   Metcalf was not seen in the appropriate time frame or given a response per VADOC policy and he then went two (2) weeks with unrelenting ear ache pain, with no relief. This exposed the Plaintiff to conditions that amount to more than routine discomfort that a prisoner should be subjected to while incarcerated.

152.   Defendant Green gained personal knowledge of Metcalf's medical complaints when she logged Metcalf's informal complaint and grievance and she either turned a blind eye to it, simply ignored it or her actions or inactions were so grossly inadequate causing excessive delay to the Plaintiff's treatment resulting in unnecessary wanton infliction of pain.

153.   Defendant Green displayed diliberate indifference to Metcalf's serious medical need when she abused the grievance process to delay or hinder Metcalf from receiving any relief for his ailments or the violations of VADOC policy. This display and tacit authorization of VADOC policies is clearly machination of the PLRA requirements to exhaust all administrative remedies, abusing the VADOC grievance procedures.


E.   Defendant Lewis

154.   Defendant Lewis violated the Plaintiff's Eighth Amendment Rights that protect him from cruel and unusual punishment when she did not ensure the Plaintiff received adequate medical care at LVCC.

155.   Defendant Lewis is legally responsible as the Regional Ombudsman for VADOC Eastern Region, ensuring that all Operating Procedures are followed and all appealed grievances are properly addressed, specifically that offenders at VADOC institutions

within the Eastern Region have continued acess to medical
services per VADOC Operating Procedures.

156.   When Metcalf submitted his emergency grievance he should
have been seen by a health care professional to evaulate his
complaint and/or given a response within eight (8) hours per
VADOC policy, neither of which happend.

157.   The Plaintiff was not seen in the appropriate time frame
or given a response per VADOC policy and went two (2) weeks with
unrelenting ear ache pain, with no relief.

158.   This exposed the Plaintiff to conditions that amount to
more than routine discomfort that a prisoner should be subjected
to while incarcerated.

159.   Defendant Lewis gained personal knowledge of Metcalf's
medical complaints when she reviewed Metcalf's appealed intake
denial by Defendant Green and she either turned a blind eye to
it, simply ignored it or her actions or inactions were so grossly
inadequate that she participated in causing an excessive delay to
the Plaintiff's treatment resulting in unnecessary wanton infliction
of pain.

160.   Defendant Lewis displayed deliberate indifference to Metcalf's
serious medical needs when she abused the grievance process to
hinder or delay Metcalf from receiving any relief for his ailments
or relief from the violations of VADOC policy. This display of
tacit authorization of VADOC policy violations is clearly
machination of the VADOC grievance policy and procedures, a
critical part required by the PLRA.

161.   Defendant Lewis' review of the intake denial results
in a final decision, thereby exhausting Metcalf's administrative
remedies as required by the PLRA.


## COUNT IV

**(Violation of the Plaintiff's Eighth Amendment Rights)**
**(Failure to properly respond to emergency grievance)**
**(Second Offense)**


**A. Defendant GEO Group, Inc.**

162.   Defendant GEO violated the Plaintiff's Eighth Amendment
Rights that protect him from cruel and unusual punishment, legally
responsible under the theory of "Supervisory Liability."

163.   Due to staff shortages at LVCC and the overt violations
of VADOC policies, GEO's employees violated the Plaintiff's
rights when their actions or inactions caused an excessive delay
to the Plaintiff's treatment resulting in unnecesary wanton
infliction of pain and the lack of staff created a substantial
risk of serious harm to the Plaintiff.

164.   Defendant GEO is legally responsible to ensure that offenders
at LVCC have continued access to medical services under VADOC
Operating Procedures and their contract with the Commonwealth
of Virginia, and GEO failed to do so.

165.   When the Plaintiff had a serious medical need for treatment
and filled out his emergency grievance there was a lack in staff
to properly process his grievance or attempt to aid him to get the
medical attention he still needed.

166.  When the Plaintiff submitted his emergency grievance he should
have been seen by a medical care professional to evaluate his

medical complaint and determine the best course of action or at least given a response to his emergency grievance within eight (8) hours per VADOC policy, neither of which occured.

167.   The Plaintiff was not seen in the appropriate time frame nor given a response per VADOC policy and went two (2) weeks with unrelenting ear ache pain, with no relief. This exposed the Plaintiff to conditions that amount to more than routine discomfort that a prisoner should be subjected to while incarcerated.

B.     Defendant Tatum

168.   Defendant Tatum violated the Plaintiff's Eighth Amendment Rights that protect him from cruel and unusual punishment, when Tatum did not ensure that the Plaintiff received adequate medical care at LVCC.

169.   Defendant is legally responsible as the Facility Administrator, ensuring that offenders at LVCC have continued access to medical services under VADOC Operating Procedures and the contract with the Commonwealth of Virginia, and he failed to do so.

170.   When Metcalf submitted his emergency grievance he should have been seen by a health care professional to evaluate his medical complaint and/or given a response within eight (8) hours per VADOC policy, neither of which happend.

171.   Metcalf was not seen in the appropriate time frame or given a response per VADOC policy and then went two (2) weeks with unrelenting ear ache pain, with no relief. This exposed the Plaintiff to conditions that amount to more than routine discomfort

- 33 -

that a prisoner should be subjected to while incarcerated.

172.    Defendant Tatum is legally responsible for the violations of the Plaintiff's Eighth Amendment rights by his staff at LVCC under the theory of "Supervisory Liability" as the Facility Administrator/Warden of that prison. He is the highest authority at LVCC and represents GEO Group, INC., as their agent in fulfilling their obligated contract with the Commonwealth of Virginia to manage and operate LVCC within the constraints of VADOC polices.

173. Defendant Tautm gained personal knowledge of the violations when he reviewed the Plaintiff's grievance, signing it and determining that there was an actual violation of policy.

174.    Defendant Tatum is culpable in violating the Plaintiff's Eighth Amendment Rights when he determined there was a violation of VADOC policy and he either turned a blind eye to it, simply ignored it or his actions or inactions were so grossly inadequate that it caused an excessive delay in the Plaintiff's treatment resulting in unnecessary wanton infliction of pain.

175.    Defendant Tatum did not respond to the Plaintiff's grievance for over four (4) months and failed to take any corrective action or ensure that the Plaintiff received any medical treatment. This demonstrates that he acted with a sufficiently culpable state of mind.


C.    Defendant King

176.    Defendant King violated the Plaintiff's Eighth Amendment Rights that protect him from cruel and unusual punishment when she did not ensure that the Plaintiff received adequate medical care at LVCC.

177.   Defendant King is legally responsible as the Health Services Administrator at LVCC ensuring that offenders at LVCC have continued access to medical services under VADOC Operating Procedures and GEO's contract with the Commonwealth of Virginia  and she failed to do so.

178.   When the Plaintiff submitted his emergency grievance he should have been see by a health care professional and/or given a response within eight (8) hours per VADOC policy, neither of which happend.

179.   The Plaintiff was not seen in the appropriate time frame or given a response per VADOC policy and he then went two (2) weeks with an unrelenting ear ache, with no relief. This exposed the Plaintiff to more than routine discomfort that a prisoner should be subjected to while incarcerated.

180.   Defendant King gained personal knoweledge of Metcalf's medical complaint when she reviewed it, responding "[t]hank you. We are looking into the emergency grievance process with security so that we recieve them timely as well as return to the inmates. However, you are scheduled to see the provider," confirming there was actually policy violations and that the Plaintiff had not been seen for his ear ache pain/infection. She then signed the written complaint never addressing that he had went twelve days without medical attention.

181.   Defendant King's actions or inactions demonstrate that she either turned a blind eye to Metcalf's serious need for medical attention, simply ingnored it or her response was so grossly inadequate that she caused an excessive delay to the Plaintiff's treatment resulting in unnecessary wanton infliction of pain.

- 35 -

D.    Defendant Green

182.    Defendant Green violated the Plaintiff's Eighth Amendment
Rights that protect him from cruel and unusual punishment when
she did not ensure the Plaintiff received adequate medical
care at LVCC

183.    Defendant Green is legally responsible as the Grievance
Coordinator at LVCC ensuring that VADOC Operating Procedures
are being followed, specifically that offenders at LVCC have
continued access to medical services per these Operating Procedures
and she failed to do so.

184.    When Metcalf submitted his emergency grievance he should
have been seen by a medical care professional for evaluation or
been given a response within eight (8) hours per VADOC policy,
neither of which happend.

185.    Metcalf was not seen in the appropriate time frame or
given a response per VADOC policy and he then went two (2)
weeks with unrelenting ear ache pain, with no relief. This exposed
the Plaintiff to conditions that amount to more than routine
dicomfort that a prisoner should be subjected to while incarcerated.

186.    Defendant Green gained personal knowledge of Metcalf's
medical complaints when she logged his written complaint and
grievances and she either turned a blind eye to it, simply ignored
it or her actions or inactions were so grossly inadequate causing
an excessive delay to the Plaintiff's treatment resulting in
unnecessary wanton infliction of pain.

187.    Defendant Green displayed diliberate indifference to
Metcalf's serious medical need when she abused the grievance
process process to delay or hinder Metcalf from receiving any

- 36 -

relief for his ailments or the violations of VADOC policy. This display and tacit authorization of VADOC policy violations, along with the machination of the grievance policy in order to prevent the Plaintiff from satisfying the PLRA requirements, clearly demonstrates that the Defendant acted with a sufficiently culpable sate of mind, contributing to the violation of the Plaintiff's Eighth Amendment Rights.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Honorable Court enter judgement granting the Plaintiff;

188.   A declaration that the acts and omissions described herein violated the Plaintiff's rights secured under the Constitution and Laws of the United States.

189.   Granting compensatory damages in the amount of $100,000.00 against each defendant jointly and severally.

190.   Granting punitive damages in the amount of $350,000.00 against each defendant jointly and severally.

191.   Plaintiff seeks a jury trail on all issues triable by a jury.

192.   Plaintiff seeks recovery on all his costs and reasonable attorney fees in this suit.

193.   Any additional relief that this Honorable Court deems just and proper.

_James Andrew Metcalf_
James Andrew Metcalf
Inmate Number #1411894
Haynesville Correctional Center
Virginia Dept. of Corrections
Centralized Mail Distr. Cntr.
3521 Woods Way
State Farm, VA 23160

Executed on _9/12/23_

- 37 -

## VERIFICATION

I, JAMES ANDREW METCALF, HAVE READ THE FORGOING complaint and hereby verifiy that the matters alleged therein are true and correct according to my personal knowledge. I am of at least eighteen years of age or older and I am competent to testify on the matters therein.

James Andrew Metcalf, Plaintiff, pro se

Executed on _9/12/2023_

## CERTIFICATION

I, JAMES ANDREW METCALF, HAVE READ THE FORGOING complaint and hereby certify under the penalty of perjury that the forgoing is true and correct.

Executed at Haynesville Correctional Center, in Haynesville, Virginia.

James Andrew Metcalf, Plaintiff, pro se

Executed on _9/12/2023_

County/City of _Richmond_: Commonwealth of Virginia
The foregoing instrument was subscribed and sworn before me this
_12_ day of _September_ 20 _23_
_James Andrew Metcalf_
(Name of person seeking acknowledgement)

Notary Public
My Commission expires: _11-30-2026_
Notary Reg. No. _7805121_

I certify that the above Notary
is not a party to this action
James Andrew Metcalf

- 38 -