IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JAMES ANDREW METCALF,**

    Plaintiff,

v.                                                                         Civil Action No. **3:23CV598**

**THE GEO GROUP, INC.,** *et al.*,

    Defendants.

**MEMORANDUM OPINION**

James Andrew Metcalf, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. By Memorandum Opinion and Final Order entered on February 12, 2025, the Court dismissed the action with prejudice. (ECF Nos. 41, 43.) On March 3, 2025, Metcalf noted an appeal. (ECF No. 45.) On July 2, 2025, the Clerk docketed a "MOTION CHALLENGING JUDGMENT" that was received by the Court on March 10, 2025, but was mistakenly filed amongst papers submitted by Metcalf for another case. (ECF No. 50.) The "MOTION CHALLENGING JUDGMENT" will be construed as a motion under Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion," ECF No. 50).[1] *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)

---

[1] The Court employs the pagination assigned to Metcalf's Rule 59(e) Motion by the CM/ECF docketing system.

(citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Metcalf does not explicitly address any of the above recognized grounds for relief in his Rule 59(e) Motion. The Court, however, construes Metcalf to argue that the Court should grant his Rule 59(e) Motion "to correct a clear error of law or prevent manifest injustice." *Hutchinson*, 994 F.2d at 1081. Metcalf contends that, because the undersigned worked at a law firm and represented the Geo Group, Inc., before 2010, his "impartiality might be reasonably questioned and it could be reasoned that he would have deep seated bias and favoritism toward the defendants, making a fair judgment impossible." (ECF No. 50, at 3.) The Court construes Metcalf to argue that the undersigned should have recused himself from this case.

The bar for recusal is high, however, as "courts have only granted recusal motions in cases involving particularly egregious conduct." *Belue v. Leventhal*, 640 F.3d 567, 573 (4th Cir. 2011). Contrary to Metcalf's belief, unfavorable "judicial rulings alone almost never constitute a valid basis for bias" or a valid reason to demand recusal of a judge. *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted). Metcalf has not demonstrated that the undersigned harbors any bias against him or any circumstance where the impartiality of the undersigned might reasonably

be questioned. *See* 28 U.S.C. §§ 144,[2] 455.[3] Accordingly, the Court discerns no clear error of law or manifest injustice in the dismissal of Metcalf's action. Accordingly, Metcalf's Rule 59(e) Motion, (ECF No. 50), will be DENIED.

An appropriate Order shall issue.

Date: 7/14/25
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge

---

[2] The statute provides, in relevant part:

> Whenever a party to a proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . . A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

[3] The statute provides, in relevant part:

> **(a)** Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> **(b)** He shall also disqualify himself in the following circumstances:
>    **(1)** Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

28 U.S.C. § 455.